UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA S. PLAKE,<br><br>     Plaintiff,<br><br>v.<br><br>IMC CREDIT SERVICES, LLC,<br><br>     Defendant. | CIVIL COMPLAINT<br><br>CASE NO.  1:18-cv-02423<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes AMANDA S. PLAKE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of IMC CREDIT SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is a resident of the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4.   Plaintiff is a 46 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Tipton, Indiana, which lies within the Southern District of Indiana.

5.   Defendant is a "full service accounts receivable collection service offering medical creditors" a series of debt collection services.[1] Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 8085 Knue Road, Indianapolis, Indiana.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.   The instant action arises out of the nature of Defendant's attempts to collect on a series of medical debts ("subject debts") said to be owed by Plaintiff.

9.   In approximately May of 2016, Plaintiff was served with legal documents by Defendant in connection with legal proceedings which were being commenced against Plaintiff in the Circuit Court of Tipton County, Small Claims Court.

10. After being served with these documents, Plaintiff contacted Defendant in an attempt to reach an agreement as to the subject debts which would obviate the need for further litigation.

---

[1] http://www.imccreditservices.com/about_us.html

11. Plaintiff agreed to enter into a payment arrangement with Defendant in exchange for Defendant agreeing not to proceed with the legal proceedings against Plaintiff.

12. Plaintiff made her payments regularly until she lost her job and was unable to keep up with the payments.

13. Thereafter, in approximately May of 2018, Defendant began calling Plaintiff in connection with a new medical debt which was said to total around $75.00.

14. During one conversation, Plaintiff told Defendant that she was willing to pay the new $75.00 debt.

15. Defendant then told Plaintiff that she still had a remaining balance of $2,500 which needed to be paid as soon as possible.

16. Plaintiff explained to Defendant that she lacked the financial means to address the $2,500.00 balance, but that she would be willing to pay the $75.00 debt.

17. Plaintiff was then transferred to Defendant's legal department.

18. Defendant's legal department told Plaintiff that she had to address the old debt before the new $75.00 debt, and that she had until the end of June to pay on the old account or Defendant would reopen her case and garnish her wages.

19. Defendant further stated that it had already spoke with Plaintiff's employer regarding wage garnishment.

20. On or about June 20, 2018, Plaintiff contacted Defendant in an attempt to stop the wage garnishment and to also demand that Defendant send her information regarding her balance due on the subject debts.

21. Defendant refused to provide Plaintiff any information in writing and further stated that if Plaintiff did not pay at least $650.00 they would garnish her wages.

22. Plaintiff further explained that she lacked the financial means to make this high of a payment.

23. Defendant then told Plaintiff that she had until the end of July to pay or Defendant would garnish her wages.

24. Although Defendant contacted Plaintiff in connection with the new $75.00 debt, Plaintiff never received any information in writing from Defendant regarding this debt.

25.  Frustrated over Defendant's Conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and alleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

30. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

####    a.   Violations of FDCPA§ 1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

4

32. Defendant violated § 1692d through its oppressive and abusive collection activities directed towards Plaintiff. Defendant oppressively threatened Plaintiff with wage garnishment in an attempt to harass Plaintiff into addressing the subject debt, even though she could not afford the payment Defendant demanded.

**b.  Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §  1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

35. Defendant violated §§1692e and e(10) when it falsely suggested to Plaintiff that she was required to address the old medical debts before addressing the new $75.00 debt. There is nothing preventing Plaintiff from deciding which debt any payment to Defendant would go about satisfying. As such, Defendant misrepresented Plaintiff's rights to address the $75.00 debt.

36. Defendant violated §§ 1692e, e(4), e(5), and e(10) through its repeated threats of wage garnishment made towards Plaintiff. Plaintiff repeatedly made these threats, including the specific representation that if Plaintiff did not pay by the end of June 2018 her wages would be garnished. However, even though Plaintiff did not make any payment to Defendant as a result of her being unable to afford the high payment Defendant demanded, Defendant did not garnish her wages at

the end of June 2018. In fact, the legal proceedings against Plaintiff had not progressed to a part where Defendant obtained a judgment in its favor upon which it could effectuate any wage garnishment. As such, it is clear that Defendant falsely represented to garnish Plaintiff's wages in violation of the FDCPA.

### c.   Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly leveraged its attempts to collect upon the new $75.00 debt into attempts to collect upon the old balance. Although Defendant contacted Plaintiff in an attempt to collect upon the $75.00 debt, it subsequently turned around and prevented Plaintiff from addressing the debt serving as the basis for the collection phone call. Such conduct is unfair in that it sought to unfairly leverage Plaintiff into making a higher payment under the guise of collection upon a significantly lower debt.

### d.   Violations of FDCPA § 1692g

39. The FDCPA, pursuant to 15 U.S.C. § 1692g requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

40. Defendant violated 15 U.S.C. § 1692g by failing to send this written notice within five days after its initial communication with Plaintiff regarding the $75.00 debt. After Plaintiff was first

contacted by Defendant regarding this debt, Plaintiff did not receive any written notification which

outlined her rights, as required by § 1692g.

WHEREFORE, Plaintiff AMANDA S. PLAKE, respectfully requests that this Honorable

Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in a series of unfair, abusive

and deceptive practices in connection with its collection activities directed towards Plaintiff.

43. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

44. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

45. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

46. Defendant's collection efforts directed towards Plaintiff were "consumer transactions" as

defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

47. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.  As demonstrated at length in the portion of the Complaint addressing Defendant's conduct under the FDCPA, Defendant engaged in a series of unfair, abusive, and deceptive behavior in a concerted effort to instill a sense of undue fear in Plaintiff in an attempt to get Plaintiff to make payments which she could not afford.

48. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."  I.C. 24-5-0.5-4(a)(1)(2).

49. Defendant's conduct was an incurable deceptive act for purposes of the IDCSA. Defendant made a series of deceptive misrepresentations as to its intent and ability to garnish Plaintiff's wages. Defendant's threats are part of an artifice or scheme with the design to mislead Plaintiff, as such conduct was clearly designed to instill an undue sense of fear in Plaintiff with the hope such fear would compel Plaintiff to make payment at a level she could not afford. Plaintiff's reliance on this conduct is evident by the fact that, fearful of the threatened garnishment, she reached out to Defendant in a direct attempt to try and go about preventing the garnishment from occurring. However, Plaintiff's inability to make payment at the level Defendant demands has resulted in further threats of wage garnishment.

50. Upon information, Defendant conducts the above described behavior on a wide and frequent basis.  This behavior is extremely unfair and abusive, and goes against the state's goal of preventing debt collectors from engaging in unfair and deceptive conduct.

WHEREFORE, Plaintiff, AMANDA S. PLAKE, respectfully requests that this Honorable

Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: August 8, 2018                                     Respectfully submitted,

s/ Nathan C. Volheim                                      s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Southern District of Indiana   Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                             (630) 581-5858 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                      thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com